## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DAMIEN MIKELL,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:11-CV-388** |
| **v.** | : | |
| | : | **Judge John E. Jones, III** |
| **SHIRLEY R. MOORE et al,** | : | |
| **Respondents** | : | |
| | : | **(Electronically Filed)** |

### DEFENDANTS' ANSWER TO THE COMPLAINT

Defendants, Smeal, Tennis, March, Thompson, Smith, Harpster, Eaton, Vance, Davis and the Pennsylvania Department of Corrections by their attorneys, hereby answer the Complaint as follows:

### FIRST DEFENSE

### INTRODUCTION

1.      **ADMITTED** in part and **DENIED** in part.   It is **ADMITTED** that Damien Mikell is a prisoner incarcerated at SCI-Rockview.   The remaining allegation contained in the paragraph contains a conclusion of law to which **NO RESPONSE** is required.

2.      This paragraph contains a conclusion of law to which **NO RESPONSE** is required, in the event it is deemed factual, it is **DENIED**.

## JURISDICTION AND VENUE

3-4.    These paragraphs contain a statements of jurisdiction and venue to which **NO RESPONSE** is required.

## PARTIES

5.      **ADMITTED** that Plaintiff is incarcerated at the SCI-Rockview, which is a Pennsylvania Department of Corrections ("DOC") institution located in Bellefonte, Pennsylvania.

6-14. **ADMITTED.**

15-16.        These paragraphs contain conclusions of law to which **NO RESPONSE** is required.

## FACTS

17.    **ADMITTED**.

18.    **ADMITTED** in part and **DENIED** in part.    **ADMITTED** that plaintiff was involved in a fight on November 23, 2008 and during the fight he was stabbed. The remaining allegations contained in this paragraph are **DENIED**.

19.    **ADMITTED.**

20.    **ADMITTED** in part and **DENIED** in part.    **ADMITTED** that plaintiff was placed in the Restricted Housing Unit ("RHU") for approximately 45 days as a result of being found guilty of the Misconduct for fighting. The remaining allegations contained in this paragraph are **DENIED.**

2

21.    **ADMITTED** in part and **DENIED** in part.    **ADMITTED** that after serving his disciplinary time in the RHU, plaintiff was placed in Administrative Custody in the RHU.   It is **DENIED** that the sole reason for plaintiff's placement in Administrative Custody was for his protection.

22.    **ADMITTED** that inmate Gregory Middleton has been incarcerated at SCI-Rockview from April, 2002 to present.

23.    **ADMITTED** in part and **DENIED** in part.   It is **ADMITTED** that Middleton received a life sentence in March, 2003. The remaining allegations contained in this paragraph are **DENIED** as stated.  Middletown was charged with assault and attempted murder of a county deputy sheriff in Philadelphia County surrounding an incident in March, 2001.  At the time of the incident Middleton was not incarcerated in the Pennsylvania DOC.

24.    **DENIED** as stated.   Prior to the February 20, 2009 incident, Middleton received a Misconduct at SCI-Rockview in 2007 for Assault, incidental contact, when he rubbed elbows with a female staff member in the culinary services area.  Middleton also received a Misconduct in 2001 while at SCI-Graterford for Threatening an Employee and another Misconduct at Graterford in 2001 for throwing urine on an officer. Prior to the February 20, 2009 incident, Middleton received a Misconduct at SCI-Rockview in 2004 for Fighting and a

Misconduct in 2002 for Fighting.  The remaining allegations contained in this paragraph are **DENIED**.

25-26.        **ADMITTED.**   By way of further response, DC-ADM 11.2.1 §1 contains guidelines that are used when staff consider Z status classification.

27.    **ADMITTED** that in some circumstances certain inmates are Z coded because they are a danger to other inmates.

28.    **DENIED**.

29.    **ADMITTED.**

30-31.        Answering defendants are without knowledge or information sufficient to form a belief as to the truth of the specific allegations contained in these paragraphs; therefore, they are **DENIED.**

32.    **ADMITTED** that Middleton received a Misconduct in November, 2008 for refusing to obey an order to be double celled and was sanctioned to 60 days in the RHU.

33.    **DENIED.**   Middletown's mother, Diane Middleton wrote to the DOC on January 4, 2009, questioning why Middleton was detained in Administrative Custody for no apparent reason.   The remaining allegations contained in this paragraph are **DENIED**.

34.    **DENIED.**   Deputy Secretary Moore-Smeal informed Ms. Middleton that her son was assigned to Administrative Custody primarily due to his refusal to

4

re-enter general population and his continued demands on staff with regard to his housing status. The remaining allegations contained in this paragraph are **DENIED**.

35. **ADMITTED** that on December 15, 2008 Middleton was moved from disciplinary to administrative custody in the RHU.

36-40. **ADMITTED**.

41. **DENIED**.

42. **ADMITTED** that plaintiff expressed some concerns about being placed in the same cell as Middleton to officer Davis.

43. **DENIED** as stated. Plaintiff's request to be given another cell was denied after he agreed to be celled with Middleton. The remaining allegations contained in this paragraph are **DENIED**.

44. **DENIED**.

45. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that after plaintiff was placed in the cell, Middleton assaulted him. The remaining allegations contained in this paragraph are **DENIED**.

46-49. **ADMITTED** in part and **DENIED** in part. It is **ADMITTED** that after plaintiff was placed in the cell, Middleton assaulted him and started a fire in the cell. Answering defendants are without knowledge or information sufficient to

form a belief as to the truth of the specific allegations remaining in these

paragraphs; therefore, they are **DENIED.**

50-51.        **ADMITTED** in part and **DENIED** in part.   It is **ADMITTED**

that plaintiff did not meet the criteria for a Z code.  Answering defendants are

without knowledge or information sufficient to form a belief as to the truth of the

specific allegations remaining in this paragraph; therefore, they are **DENIED.**

52.     **ADMITTED** in part and **DENIED** in part.   It is **ADMITTED** that

plaintiff was in Administrative Custody for his uncooperative behavior regarding

the November 23, 2008 fighting incident.  The remaining allegations contained in

this paragraph are **DENIED**.

53-56.   Answering defendants are without knowledge and uncertain as to

what plaintiff is referring to as "long-term uncooperative AC status"; therefore

these paragraphs are **DENIED**.

57-58.        **ADMITTED** in part and **DENIED** in part.   It is **ADMITTED**

that defendant Smeal was the Deputy Secretary for the Central region for the DOC

during the time period alleged in the complaint.  The remaining allegations

contained in these paragraphs are **DENIED**.

59.   **DENIED**.

60-61.     **ADMITTED**.

62-69.     **DENIED**.

70-71.        **ADMITTED**.

72-75.        **DENIED**.

76-77.        **ADMITTED**.

78.           **DENIED** that defendants Marsh, Thompson and Smith had sole responsibility for Middleton's housing assignments.

79.    **DENIED**.

80(a).        **ADMITTED** in part and **DENIED** in part.   It is **ADMITTED** that the decision to place an inmate in AC status is based upon information contained in an inmate's DOC file, the inmate's misconducts reports, counselor recommendations, psychological reports and reports of other staff members who have knowledge of the inmate's behavior, it is **DENIED** that these are the sole reasons to place an inmate in Administrative Custody.

80(b)-(c).    **DENIED**.

80(d)-(e).          **ADMITTED**.

80(f).        **DENIED**.

81.    **DENIED**.

82-84.        **ADMITTED**.

85.    **DENIED**.

86(a)-(c).    **DENIED**.

86(d).     **ADMITTED** that on February 5, 2009 Harpster recommended that Middleton continue on the same status until he was willing to have a cell partner.

87.     **ADMITTED** in part and **DENIED** in part.   It is **ADMITTED** that at all times relevant to the allegations contained in the complaint defendant Eaton was the Security Captain at SCI-Rockview.   The remaining allegations contained in this paragraph are **DENIED**.

88.     **ADMITTED** in part and **DENIED** in part.   It is **ADMITTED** that defendant Eaton supervised defendant Vance. The remaining allegations contained in this paragraph are **DENIED**.

89.     **ADMITTED** in part and **DENIED** in part.   It is **ADMITTED** that at all times relevant to the allegations contained in the complaint, defendant Vance was a Lieutenant at SCI- Rockview.  The remaining allegations contained in this paragraph are **DENIED**.

90.     **ADMITTED** in part and **DENIED** in part.   It is **ADMITTED** that at all times relevant to the allegations contained in the complaint, defendant Davis was a Corrections Officer at SCI- Rockview.  The remaining allegations contained in this paragraph are **DENIED**.

91-93.     **DENIED.**

94(a).      Answering defendants are without knowledge and uncertain as to what plaintiff is referring to as "common knowledge" about notification regarding grievances; therefore this paragraph is **DENIED**.

94(b)-(d).   **DENIED.**

95-96.      **DENIED.**

97(a)-(c).   These paragraphs contain conclusions of law to which **NO RESPONSE** is required; in the event it is deemed factual, they are **DENIED**.

98.      This paragraph contained an incorporation clause to which **NO RESPONSE** is required.

99-100.      These paragraphs contain conclusions of law to which **NO RESPONSE** is required; in the event it is deemed factual, they are **DENIED**.

## <u>SECOND DEFENSE</u>

The Complaint fails to state a claim upon which relief can be granted.

## <u>THIRD DEFENSE</u>

The Complaint is barred in part by the applicable statute of limitations.

## <u>FOURTH DEFENSE</u>

The Complaint is barred in part by the Eleventh Amendment to the United States Constitution.

## FIFTH DEFENSE

At no time did the defendants, either individually or in concert with others, deprive or seek to deprive plaintiff of any rights, privileges or immunities secured by the Constitution or laws of the United States.

## SIXTH DEFENSE

Plaintiff is entitled to no relief, whether compensatory, declaratory, punitive or otherwise.

Respectfully submitted,

LINDA L. KELLY
Attorney General

By:    */s/ Maryanne M. Lewis*
MARYANNE M. LEWIS
Senior Deputy Attorney General
Attorney I.D. # 83812

Office of Attorney General
15th Fl., Strawberry Square
Harrisburg, PA 17120
Phone:  (717) 787-9719 (Direct)
Fax:     (717) 772-4526
mlewis@attorneygeneral.gov
Date:  August 5, 2011

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **DAMIEN MIKELL,** | : | |
| **Plaintiff** | : | |
| | : | **No. 1:11-CV-388** |
| **v.** | : | |
| | : | **Judge John E. Jones, III** |
| **SHIRLEY R. MOORE et al,** | : | |
| **Respondents** | : | |
| | : | **(Electronically Filed)** |

<u>**CERTIFICATE OF SERVICE**</u>

I, MARYANNE M. LEWIS, Senior Deputy Attorney General for the

Commonwealth of Pennsylvania, Office of Attorney General, hereby certify that

on August 5, 2011, I caused to be served a true and correct copy of the foregoing

document titled Defendants' Answer to the Complaint, by First Class Mail to the

following:

Damien Mikell, DM-6559
SCI-Rockview
Box A
Bellefonte, PA  16823-0820

<u>s/*Maryanne M. Lewis*</u>
**MARYANNE M. LEWIS**
**Senior Deputy Attorney General**