IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DAMIEN MIKELL,
   Plaintiff

v.           C.A. No. 1:11-CV-388

SHIRLEY R. MOORE, et al.,
   Defendants       Judge John E. Jones III

FILED
HARRISBURG, PA
OCT 11 2012
MARY E. D'ANDREA, CLERK
Per _____ Deputy Clerk

## PLAINTIFF'S OBJECTION TO THE FILING OF DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

### INTRODUCTION

On March 1, 2011, plaintiff filed with the Clerk's Office for the United States District Court for the Middle District of Pennsylvania (U.S.D.C.M.D. of Pa.) a civil complaint pursuant to 42 U.S.C. § 1983 alleging that his Eighth and Fourteenth Amendment rights were violated on February 20, 2009, as a result of being placed in a cell with another inmate who assaulted him. Plaintiff at all times relevant to the allegations contained in this complaint was an inmate incarcerated at the State Correctional Institution at RockView (SCI-RockView). Plaintiff is currently incarcerated at SCI-Greene. Defendants' are several current or former employees of SCI-RockView and the Pennsylvania Department of Corrections (DOC).

On June 26, 2012, this Court issued an ORDER which, inter alia, GRANTED Plaintiff's request for an extension of the deadline for completion of discovery and advised All discovery shall be completed on or before July 19, 2012. Any discovery-related motions shall be filed on or before August 2, 2012, and Dispositive motions, if any, together with supporting papers, shall be filed on or before August 16, 2012. On July 18, 2012, plaintiff gave an envelope addressed to the Clerk's Office for the U.S.D.C.M.D. of Pa. which contained a document titled Motion For Extension Of Time To Complete Discovery Process to prison authorities at SCI-RockView to be mailed out. On August 1, 2012, this Court issued an ORDER which directed Defendants' to file a response to Plaintiff's Motion for an Extension of Time to Complete Discovery on or before August 14, 2012. On August 8, 2012, plaintiff filed ▓▓▓▓▓ with the Clerk's Office for the U.S.D.C.M.D. of Pa. a document titled Motion To Compel Discovery. On August 11, 2012, plaintiff gave an envelope addressed to the Clerk's Office for the U.S.D.C.M.D. of Pa. which contained a document titled Motion For Clarification Of Docket to prison authorities at SCI-Greene to be mailed out. On August 14, 2012, defendants' served plaintiff with a document titled Defendants' Response To Plaintiff's Motion For An Extension Of Time To Complete Discovery and

1.

Defendants' Motion For Enlargement Of Time To File Dispositive Motions. On August 17, 2012, this Court issued an ORDER which GRANTED Defendants' Motion for an Extension of Time to File Dispositive Motions and advised Any dispositive motions, together with supporting papers, shall be filed on or before September 17, 2012. On August 18, 2012, plaintiff gave an envelope addressed to the Clerk's Office for the U.S.D.C.M.D. of Pa. which contained a document titled Plaintiff's Objection To Defendants' Response To Plaintiff's Motion For An Extension Of Time To Complete Discovery to prison authorities at SCI-Greene to be mailed out. On August 20, 2012, this Court issued an ORDER which GRANTED Plaintiff's Motion for Clarification of Docket and directed the Clerk of Court to, inter alia, change each occurrence of the word "Respondent" in the caption to "Defendant". On August 22, 2012, plaintiff gave an envelope addressed to the Clerk's Office for the U.S.D.C.M.D. of Pa. which contained a document titled Motion For Appointment Of Counsel to prison authorities at SCI-Greene to be mailed out. Also on this date, defendants' served plaintiff with a document titled Defendants' Motion For An Enlargement Of Time To File A Response To Plaintiff's Motion To Compel Discovery. On August 23, 2012, this Court issued an ORDER which GRANTED Defendants' Motion for an Extension of Time to File a Response to Plaintiff's Motion to Compel and advised Defendants' to file a response to Plaintiff's Motion to Compel Discovery on or before September 4, 2012. On September 4, 2012, defendants' served plaintiff with a document titled Defendants' Brief In Opposition To Plaintiff's Motion To Compel Discovery. On September 12, 2012, defendants' served plaintiff with a document titled Entry Of Appearance and Defendants' Motion For An Enlargement Of Time To File Supporting Documents To Their Motion For Summary Judgment. On September 17, 2012, defendants' served plaintiff with a document titled Defendants' Motion For Summary Judgment. On September 21, 2012, plaintiff gave an envelope addressed to the Clerk's Office for the U.S.D.C.M.D. of Pa. which contained a document titled Petition For Leave To File Plaintiff's Reply Brief In Response To Defendants' Brief In Opposition To Plaintiff's Motion To Compel Discovery Nunc Pro Tunc and Plaintiff's Reply Brief In Response To Defendants' Brief In Opposition To Plaintiff's Motion To Compel Discovery to prison authorities at SCI-Greene to be mailed out. On October 1, 2012, defendants' served plaintiff with a document titled Brief In Support Of Defendants' Motion For Summary Judgment and Defendants' Statement Of Undisputed Material Facts. On October 2, 2012, this Court issued an ORDER which GRANTED Plaintiff's Motion for Leave to File a Reply Brief Nunc Pro Tunc and advised Plaintiff's reply brief regarding his Motion to Compel Discovery is accepted as timely filed. This objection is filed in response to the filing of Defendants' Motion For Summary Judgment.

## ARGUMENT

As aforementioned, on August 20, 2012, this Court issued an ORDER which GRANTED Plaintiff's Motion for Clarification of Docket and directed the Clerk of Court to, inter alia, change each occurrence of the word "Respondent" in the caption to "Defendant" within the docket. Within this document, this Court acknowledged the fact parties should not be listed as respondents where on pg 2 para. 1 it states "In addition, we observe that the docket lists each Defendant as a "Respondent" instead of "Defendant", and therefor we shall direct the Clerk of Court to amend the docket to reflect that these individuals are Defendants." Plaintiff asserts that despite this Court's ORDER dated August 20, 2012, which directed the Clerk of Court to change each occurrence of the word "Respondent" in the caption to "Defendant" within the docket, defendants' continue to list parties as respondents instead of defendants within the caption of all legal documents filed and served which relate to this civil action. Accordingly, defendants' should be directed to list parties

2.

As aforementioned, plaintiff submitted for this Court's consideration the document(s) on the date(s) which follow: 1. Motion For Extension Of Time To Complete Discovery Process dated July 18, 2012; 2. Motion To Compel Discovery dated August 4, 2012; and 3. Motion For Appointment Of Counsel dated August 22, 2012. On August 17, 2012, this Court issued an ORDER which GRANTED Defendants' Motion for an Extension of Time to File Dispositive Motions and advised any dispositive motions, together with supporting papers, shall be filed on or before September 17, 2012. Within this document, this Court acknowledged the fact plaintiff submitted a Motion for Extension of Time to Complete Discovery and Motion to Compel Discovery for its consideration where on pg.1 para.2 it states "Presently before the Court is Defendants' Motion to extend the deadline for submission of dispositive motions to September 17, 2012 pending the Court's resolution of Mikell's Motion to extend the deadline to complete discovery and to compel discovery." On September 12, 2012, defendants served plaintiff with a document titled Defendants' Motion For An Enlargement Of Time To File Supporting Documents To Their Motion For Summary Judgment. On September 17, 2012, defendants' served plaintiff with a document titled Defendants' Motion For Summary Judgment. Within this document, defendants' made the assertion this Court granted their motion for enlargement of time to file supporting documents where on pg.1 para.2 it states " ▅ Pursuant to the Court's Order of September 17, 2012, granting Defendants' motion for enlargement of time to file supporting documents, Defendants' statement of material facts and brief will be filed on or before October 1, 2012." On October 1, 2012, defendants' served plaintiff with a document titled Brief In Support Of Defendants' Motion For Summary Judgment. Within this document, defendants' ▅▅▅ once again made the assertion this Court granted their motion for enlargement of time to file supporting documents where on pg.1 para.1 it states "The Court having granted the Commonwealth Defendants' motion to extend time to file supporting documents to their motion for summary judgment, Commonwealth Defendants now file this brief in support of their motion for summary judgment along with the statement of material facts." Further, defendants' acknowledged plaintiff submitted a Motion to Compel Discovery for this Court's consideration where on pg.2 para.1 it states "Plaintiff motion to compel discovery, filed August 8, 2012, remains outstanding." and exacerbated the importance of plaintiff's Motion for Extension of Time to Complete Discovery Process and Motion to Compel Discovery being granted where on pg. 11-12 para.3 it states "Similarly, here Plaintiff has provided no evidence beyond his unsupported assertions that prison officials knew Middleton posed a substantial risk of harm to plaintiff or that prison officials were able to draw that inference from the facts presented" and on pg.13 para.1 it states "Plaintiff has presented no evidence to support his assertions that prison officials knew Middleton posed a substantial risk of harm to him, or that prison officials ▅▅▅ drew that inference from the facts he presented. Plaintiff unsupported assertions are insufficient to support a claim that prison officials failed to protect an inmate from harm at the hands of another inmate." On October 2, 2012, this Court issued an ORDER which GRANTED Plaintiff's Motion for Leave to File a Reply Brief Nunc Pro Tunc and advised Plaintiff's reply brief regarding his Motion to Compel Discovery is accepted as timely filed. Within this document, this Court acknowledged the fact plaintiff's Motion to Compel Discovery remains outstanding where on pg.1-2 para.2 it states "On August 8, 2012, Mikell filed a Motion to Compel Discovery, which was accompanied by a supporting brief. Presently before the Court is Mikell's Motion requesting an extension of time to file his reply brief, which was due on September 18, 2012, nunc pro tunc. Along with ▅ his Motion, which is dated September 21, 2012, Mikell has submitted his reply brief. We shall grant Mikell's Motion, and his reply brief will be accepted as timely filed." Plaintiff asserts that, notwithstanding defendants' representation to the contrary, he did not receive an ORDER issued by this Court which allegedly GRANTED Defendants' Motion For An Enlargement Of Time To File Supporting Documents To Their

3.

Motion for Summary Judgment. Plaintiff further asserts that, notwithstanding the fact defendants filed a Motion for Summary Judgment, his Motion for Extension of Time to Complete Discovery Process, Motion to Compel Discovery, and Motion for Appointment of Counsel remain pending for this Court's consideration and resolution. Plaintiff argues that, he timely submitted a Motion for Extension of Time to Complete Discovery Process and Motion to Compel Discovery in an attempt to safeguard the opportunity to obtain relevant evidence to support the allegations and claims made within his complaint and to support the addition of claim(s) and defendant(s) within a Petition for Leave to File an Amended Complaint and, therefore, he should not be placed in the position to either file a response to defendants' Motion for Summary Judgment or forego the opportunity to do so, but instead, defendants' Motion for Summary Judgment should be held in abeyance until the resolution of these outstanding motions. Plaintiff further argues that, he timely submitted a Motion for Appointment of Counsel in an attempt to secure professional representation to assist with formulating the proper argument(s) and obtaining relevant evidence to support the allegations and claims made within his complaint and to support the addition of claim(s) and defendant(s) within a Petition for Leave to File an Amended Complaint and, therefore, he should not be placed in the position to either file a response to defendants' Motion for Summary Judgment or forego the opportunity to do so, but instead, defendants' Motion for Summary Judgment should be held in abeyance until the resolution of this outstanding motion. Accordingly, defendants' Motion for Summary Judgment should be held in abeyance until the resolution of plaintiff's: 1. Motion for Extension of Time to Complete Discovery Process; 2. Motion to Compel Discovery; and 3. Motion for Appointment of Counsel.

## CONCLUSION

For any of the reason(s) stated within this objection or for any other reason(s) not stated herein, plaintiff respectfully ask this Honorable Court to issue an ORDER which Directs defendants' to list parties as defendants' within the caption of any legal document(s) filed and served relating to this civil action and the Clerk of Court to hold defendants' Motion for Summary Judgment in abeyance until the resolution of plaintiff's: 1. Motion for Extension of Time to Complete Discovery Process; 2. Motion to Compel Discovery; and 3. Motion for Appointment of Counsel.

Respectfully Submitted,

Damien Mikell

Date: 10 / 6 / 12

Damien Mikell, pro se plaintiff
DM-6559
SCI-Greene
175 Progress Drive
Waynesburg, Pa. 15370

4.

I, Damien Mikell, pro se plaintiff hereby verify the beliefs, information, and statements within this document titled Plaintiff's Objection To The Filing Of Defendants' Motion For Summary Judgment are true and correct and subject to the penalties of perjury pursuant to 28 U.S.C. § 1746.

Date: 10 / 6 / 12

Respectfully Submitted,

Damien Mikell
Damien Mikell, pro se plaintiff

## CERTIFICATE OF SERVICE

I, Damien Mikell, pro se plaintiff hereby certify I am this day filing one (1) original with the Clerk's Office for the United States District Court for the Middle District of Pennsylvania and serving one (1) copy with Page Dorney, DAG of the within document titled Plaintiff's Objection To The Filing Of Defendants' Motion For Summary Judgment in the manner and at the address which follows:

☐ Personal   ☒ First Class

Page Dorney, DAG
Office of the Attorney General
Strawberry Square, 16th Floor
Harrisburg, Pa. 17120

Date: 10 / 6 / 12

Respectfully Submitted,

Damien Mikell
Damien Mikell, pro se plaintiff
DM-6359
SCI-Greene
175 Progress Drive
Waynesburg, Pa. 15370

5.

Damien Mikell
DM-1559
SCI-Greene
175 Progress Drive
Waynesburg, Pa. 15370

Office of the Clerk
United States District Court
United States Courthouse
228 Walnut Street
P.O. Box-983
Harrisburg, Pa. 17108

October 6, 2012

Clerk of Court:

Good day. My current mailing information is as above. My relevant case number is C.A. No. 1:11-CV-388. I am respectfully writing to ask I be forward an updated docket sheet and a subpoena pursuant to F.R.C.P. Rule 45.

I have enclosed a document titled Plaintiff's Objection To The Filing Of Defendants' Motion For Summary Judgment for filing and ask ▇ the docket sheet reflect such before being forward. Further, I am attempting to have records in the possession of the Pa. State Police subpoenaed which is my reason for requesting such.

In closing, I Thank You in advance for your attention, consideration, and prompt response to this very importance correspondence.

Respectfully Yours,
Damien Mikell
Damien Mikell

