# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAMIEN MIKELL, | : | Civil No. 1:11-CV-388 |
| Plaintiff | : | (Judge Jones) |
| v. | : | (Magistrate Judge Carlson) |
| SHIRLEY R. MOORE, et al., | : | |
| Defendant | : | |

## MEMORANDUM OPINION

## I.     INTRODUCTION

The plaintiff in this action, Damien Mikell, is an inmate in the custody of the Pennsylvania Department of Corrections. He is currently housed at the State Correctional Institution at Greene, and was previously incarcerated at SCI-Rockview. The plaintiff commenced this action on March 1, 2011, bringing claims against a number of prison officials at SCI-Rockview under 42 U.S.C. § 1983. (Id.) In the complaint, the plaintiff alleges that the defendants violated his rights under the Eighth and Fourteenth Amendments to the United States Constitution when they failed to protect him from an attack by another inmate on February 20, 2009, despite having knowledge of the attacker's dangerousness, and the risk of harm he posed to the plaintiff and others. (Id.)

This matter now comes before the Court for further consideration of the plaintiff's motion to compel the defendants to produce additional responses to discovery requests that the plaintiff propounded. In a prior order, we had found insufficient basis to compel the defendants to provide additional discovery responses to those that they have already furnished to the plaintiff, with one exception. Recognizing the arguable relevance of information regarding the history of violence by inmate Middleton to Mikell's claims that prison officials were deliberately indifferent to the risk of harm presented by Middleton, we directed the Department of Corrections to provide the Court for its *in camera* review any documentation relating to inmate Middleton which may speak to any risk to third parties presented by this prisoner during the six month period immediately preceding this February 2009 assault. (Doc. 69.)

The defendants have complied with this request, (Doc. 71.), and upon review of the submission, we will order that the substance of portion of these documents be released, since they are relevant to the issues in this lawsuit.

## II. DISCUSSION

### A. Relevant Legal Standards

Rule 26(b)(1) of the Federal Rules of Civil Procedure supplies the scope and limitations governing the use of discovery in a federal civil action:

(1) Scope in General. Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense – including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence. All discovery is subject to the limitations imposed by Rule 26(b)(2)(C).

Fed. R. Civ. P. 26(b)(1). Issues relating to the scope of discovery permitted under the Rules are to be resolved, almost exclusively, at the discretion of the Court. Wisniewski v. Johns-Manville Corp., 812 F.2d 81, 90 (3d Cir. 1987). A court's decisions regarding the conduct of discovery will be disturbed only upon a showing of an abuse of discretion. Marroquin-Manrizuez v. I.N.S., 699 F.2d 129, 134 (3d Cir. 1983). This far-reaching discretion extends to rulings by United States Magistrate Judges on discovery matters. In this regard:

> District courts provide magistrate judges with particularly broad discretion in resolving discovery disputes. See Farmers & Merchs. Nat'l Bank v. San Clemente Fin. Group Sec., Inc., 174 F.R.D. 572, 585 (D.N.J.1997). When a magistrate judge's decision involves a discretionary [discovery] matter . . . , "courts in this district have determined that the clearly erroneous standard implicitly becomes an abuse of discretion standard." Saldi v. Paul Revere Life Ins. Co., 224 F.R.D. 169, 174 (E.D.Pa.2004) (citing Scott Paper Co. v. United States, 943 F.Supp. 501, 502 (E.D.Pa.1996)). Under that standard, a magistrate judge's discovery ruling "is entitled to great deference and is reversible only for abuse of discretion." Kresefky v. Panasonic Commc'ns and

Sys. Co., 169 F.R.D. 54, 64 (D.N.J.1996); see also Hasbrouck v.
BankAmerica Hous. Servs., 190 F.R.D. 42, 44-45 (N.D.N.Y.1999)
(holding that discovery rulings are reviewed under abuse of discretion
standard rather than de novo standard); EEOC v. Mr. Gold, Inc., 223
F.R.D. 100, 102 (E.D.N.Y.2004) (holding that a magistrate judge's
resolution of discovery disputes deserves substantial deference and
should be reversed only if there is an abuse of discretion).

Halsey v. Pfeiffer, No. 09-1138, 2010 WL 3735702, *1 (D.N.J. Sept. 17, 2010).

Rule 37 authorizes a party to move to compel disclosure if the discovery propounding discovery believes that it has received incomplete or inadequate answers to discover authorized under Rule 26. Fed. R. Civ. P. 37. With respect specifically to requests for production of documents and interrogatories, Rule 37 provides:

> (B) To Compel a Discovery Response. A party seeking discovery may move for an order compelling an answer, designation, production, or inspection. This motion may be made if:
>     ...
>
> (iii) a party fails to answer an interrogatory submitted under Rule 33; or
>
> (iv) a party fails to respond that inspection will be permitted – or fails to permit inspection – as requested under Rule 34.

Fed. R. Civ. P. 37(a)(3)(B). Rule 37 further states that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." Fed. R. Civ. P. 37(a)(4). Rule 37(a) further provides that if a court grants a motion to compel, it must require the party whose conduct necessitated the motion to pay the moving party's fees unless,

4

*inter alia*, the movant filed the motion without attempting in good faith to obtain the discovery without resorting to court action, or where other circumstances make an award of expenses unjustified. Fed. R. Civ. P. 37(a)(5)(A).

A party moving under Rule 37 to compel discovery, or for sanctions, bears the initial burden of proving the relevance of the requested information. Morrison v. Philadelphia Housing Auth., 203 F.R.D. 195, 196 (E.D.Pa. 2001). Once that initial burden is met, "the party resisting the discovery has the burden to establish the lack of relevance by demonstrating that the requested discovery (1) does not come within the broad scope of relevance as defined under Fed.R.Civ.P. 26(b)(1), or (2) is of such marginal relevance that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." In re Urethane Antitrust Litigation, 261 F.R.D. 570, 573 (D.Kan. 2009).

In his discovery requests, the plaintiff sought documentation regarding Gregory Middleton's requests to be classified as Z-Code status, and his refusal to be housed with another inmate. We recognize that to sustain his failure to protect claim and show deliberate indifference, a plaintiff would need to come forward with evidence showing a substantial basis for demonstrating that a prison official was deliberately indifferent to the dangers presented by Middleton in the face of information that this prisoner presented a substantial risk to inmate safety. As the Supreme Court has

5

observed in this context: "If an Eighth Amendment plaintiff presents evidence showing that a substantial risk of inmate attacks was *longstanding, pervasive, well-documented, or expressly noted by prison officials in the past,* and the circumstances suggest that the defendant-official being sued had been exposed to information concerning the risk *and thus must have known about it*, then such evidence would permit a trier of fact to find that the defendant-official had actual knowledge of the risk." Farmer, 511 U.S. at 842-43 (emphasis added).

Understanding that Mikell must show subjective knowledge of a third party risk presented by inmate Middleton that is of an immediate nature in order to sustain his claim, we recognized that Middleton's inmate records may contain such information. Recognizing that these prison records might contain discoverable material, we rejected broadly framed requests for access to prison records, see Paluch v. Dawson, No. 06-1751, 2007 WL 4375937, *4-5 (M.D. Pa. Dec. 12, 2007), while agreeing to conduct an *in camera* review of those records which may be relevant to more narrowly tailored discovery demands. Paluch v. Dawson, No. 06-175, 2008 WL 2785638, *3 (M.D. Pa. July 17, 2008).

Having conducted this review, we find that there are entries on Attachments B, D, and E of the defendants' *in camera* submission that speak to the issue of prior refusals by Middleton to accept a cellmate, and threats to harm or kill any cellmate,

6

matters that are directly relevant to the issues in this lawsuit.  Accordingly, IT IS ORDERED that on or before **September 9, 2013**, the defendants shall tender to the plaintiff and file with the Court a redacted copy of these attachments, setting forth all relevant disclosures regarding prior statements by inmate Middleton relating to his willingness to accept a cellmate, and discussing whether Middleton would harm any cellmate placed in his cell.

So ordered this 21st day of August, 2013.

*/S/ Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge